**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

TRANSPORTATION ALLIANCE BANK, INC.,

Plaintiff,

v.

ARROW TRUCKING CO., PIEL CORPORATION, MEGAN CORP., ARROW TRUCK REAL ESTATE CO., CAROL PIELSTICKER, JAMES DOUGLAS PIELSTICKER, JONATHAN MOORE, and JOSEPH MOWRY

Defendants.

Case No. 10-CV-016-GKF-PJC

**OPINION AND ORDER**

Before the court is the Amended Motion filed by plaintiff Transportation Alliance Bank, Inc. ("TAB") pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss [Doc. No. 44] the counterclaims of defendants Carol Pielsticker, James Douglas Pielsticker, Piel Corporation, and Megan Corp. (collectively "Counterclaimants").

The Contract Counterclaims

TAB argues that Counterclaimants' claims for breach of contract and breach of the covenant of good faith and fair dealing fail because, as guarantors, Counterclaimants lack standing to pursue Arrow Trucking's claims. As a general rule, when a creditor sues a guarantor and does not name the principal debtor in the action, the guarantor is not entitled

to raise defensively the claims of the principal debtor against the creditor. *First Texas Service Corporation v. Roulier*, 750 F.Supp. 1056, 1060 (D. Colo. 1990) (citing *National Sur. Co. v. George E. Breece Lumber Co.*, 60 F.2d 847, 851 (10th Cir. 1932)). The reason behind this rule is to protect the claims of the principal debtor, since the guarantor may not be in the best position to assert them. *Id.* Counterclaimants correctly note the three exceptions to this general rule:

> A guarantor may assert the independent claim of the principal to set-off the creditor's claim against the guarantor where (1) the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim, (2) both principal and surety are joined as defendants, or (3) the principal is insolvent.

*Continental Group, Inc. v. Justice*, 536 F.Supp. 658, 661 (D.Del. 1982); *First Texas Service Corp.*, 750 F.Supp. at 1061. The principal debtor in this case, Arrow Trucking Co., is in bankruptcy. Based upon the legal authorities presented by the parties, the court concludes that Counterclaimants may be able to rely on exception three and raise defensively Arrow Trucking's claims as a possible offset against the creditor's claims on the guaranties.[1]

TAB also argues that Counterclaimants' claims for breach of contract and breach of the covenant of good faith and fair dealing fail because the "Fuel Line Agreement" permitted TAB to cease extending credit on Arrow Trucking's fuel credit cards. TAB states that the

[1]TAB notes that Carol Pielsticker denies signing both the personal guaranty in her name and the Megan Corp. guaranty in her capacity as chairman. *See* Answer of Carol Pielsticker, Doc. No. 24 at ¶ 81; Answer of Megan Corp., Doc. No. 23 at ¶ 86. Defendant Doug Pielsticker allegedly executed both guaranties as President of Piel Corporation. TAB argues without authority that Carol Pielsticker and Megan Corp. lack standing to assert defensive counterclaims on guarantees they deny signing. In any event, the denials of Carol Pielsticker and Megan Corp. raise genuine issues of material fact which cannot be resolved in this motion to dismiss.

Fuel Line Agreement "is referenced extensively in the Complaint,"[2] and therefore does not require the court to convert TAB's motion to dismiss to one for summary judgment. TAB provides no citations for the references and the court has reviewed the Complaint but finds no mention of the Fuel Line Agreement. The agreement extensively referenced in, and appended to, the Complaint is the Accounts Receivable Purchase and Security Agreement dated November 10, 2008, and the Addendum thereto dated December 11, 2008. TAB did not mention the Fuel Line Agreement until it filed its Motion to Dismiss. If this court were to consider the Fuel Line Agreement, which is a matter outside the pleadings, the Federal Rules of Civil Procedure would require the court to treat the motion as one for summary judgment under Rule 56, and the court would be required to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion [for summary judgment]." Fed.R.Civ.P. 12(d). This court declines to consider the Fuel Line Agreement submitted with the motion to dismiss and to convert the motion to one for summary judgment. The motion to dismiss the contract counterclaims is denied.

The court also declines to entertain TAB's argument, raised for the first time in its reply brief, that Counterclaimants have waived any defenses to liability under the guaranties. If the court were to address the new argument, Counterclaimants would be denied the opportunity to respond. The arguments may be raised in connection with a motion for summary judgment.

---

[2]*See* Brief in Support of Motion to Dismiss Counterclaims, Doc. No. 46, pg. 1, fn 1.

The Fraud Counterclaims[3]

As a preliminary matter, the court addresses defendant Doug Pielsticker's argument that TAB's motion to dismiss the counterclaims for fraud does not address his Sixth Counterclaim for deceit. In Oklahoma, the torts of fraud and deceit are treated as synonymous. *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1111-1112 (N.D. Okla. 2003); 15 Okla. Stat. § 58; 76 Okla. Stat. § 3; Oklahoma Uniform Jury Instructions– Civil, Chapter 18 (providing identical jury instructions under Oklahoma law for fraud and deceit). The argument is without merit.

Counterclaimants do not allege that TAB made false representations, but that TAB failed to disclose fraud of which it was aware. For instance, Carol Pielsticker and Megan Corp. allege that TAB, by concealing its actual notice of fraudulent or suspicious activity at Arrow Trucking while at the same time demanding that guaranties be signed for Arrow Trucking's obligations, TAB adopted the fraud and perpetrated a constructive fraud upon them. The fraud TAB allegedly failed to disclose is the fraud alleged in TAB's complaint, a fraud of which each Counterclaimant claims to have been unaware. Essentially, the Counterclaimants allege that, if TAB's fraud allegations are true, then TAB has committed a constructive fraud or aided and abetted that fraud by failing to disclose the fraud before demanding that they sign personal guaranties. Carol Pielsticker and Megan Corp. also incorporate their affirmative defenses of constructive fraud by reference. Upon review, the court finds and concludes that the fraud counterclaims of defendant Carol Pielsticker and

[3]Defendant Piel Corporation did not assert a counterclaim for fraud.

Megan Corp. satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), and the motion to dismiss the counterclaims for fraud should be denied.

The Attorney Fee Counterclaim

TAB argues that the counterclaims for attorney fees[4] should be dismissed because an attorney's fee is a remedy and not a separate claim. Counterclaimants do not oppose dismissal of the counterclaims, and the motion to dismiss is granted as to those counterclaims.

WHEREFORE, plaintiff's Amended Motion to Dismiss [Doc. No 44] is granted in part and denied in part.

IT IS SO ORDERED this 27th day of April, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[4]The counterclaim for Attorneys Fees is Piel Corporation's Third Counterclaim [Doc. No. 22, p. 32], Megan Corporation's Fifth Counterclaim [Doc. No. 23, pg. 34], Carol Pielsticker's Fifth Counterclaim [Doc. No. 24, pg. 30], and Doug Pielsticker's Fifth Counterclaim [Doc. No. 30-2, pg. 28].