## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRANSPORTATION ALLIANCE BANK,   )
INC.,   )
  )
      Plaintiff,   )
  )    Case No. 10-CV-16-GKF-PJC
v.   )
  )
ARROW TRUCKING CO., PIEL CORP.,   )
MEGAN CORP., ARROW TRUCK REAL   )
ESTATE CO., CAROL PIELSTICKER,   )
JAMES DOUGLAS PIELSTICKER,   )
JONATHAN MOORE, and JOSEPH MOWRY,   )
  )
      Defendants.   )

## OPINION AND ORDER

This matter is before the court on plaintiff Transportation Alliance Bank, Inc.'s ("TAB")

Motion to Amend Complaint [Doc. No. 83]. For the reasons set forth below, plaintiff's motion

is granted in part and denied in part.

As set forth in the court's order granting the Motion to Dismiss of defendant Carol

Pielsticker Bump [Doc. No. 100], this lawsuit was filed by TAB on January 8, 2010, after the

collapse of Arrow Trucking Co. ("Arrow") in December 2009. TAB, which had purchased

accounts receivable from Arrow pursuant to an Accounts Receivable Purchase and Security

Agreement (the "Agreement"), alleged Arrow had, over a period of several months, submitted

fraudulent invoices to support the claimed accounts receivable. After the fraud was revealed in

December 2009, TAB made emergency advances totaling over $1.7 million to Arrow in an effort

to keep the company afloat. However, on December 21, 2009, after Arrow revealed it had failed

to pay payroll tax trust fund obligations in excess of $9 million, TAB informed the trucking

company that no further purchases of invoices would be made.  The next day, Arrow ceased

operations and terminated its employees.

TAB's Complaint asserted sixteen claims for relief against Arrow, two of its affiliates,

and directors and officers of Arrow.  Those claims included breach of contract, breach of various

guaranty agreements, fraud, conspiracy, RICO conspiracy, breach of fiduciary duty, fraudulent

transfer and unlawful dividend payment.  Carol Pielsticker was sued for breach of a guaranty

agreement (Claim Four), breach of fiduciary duty (Claim Twelve), breach of fiduciary duty to

creditors (Claim Thirteen), fraudulent transfer (Claim Fourteen) and unlawful dividends (Claim

Sixteen).

Later on the same day as TAB filed its lawsuit, Arrow filed Chapter 7 bankruptcy in the

United States Bankruptcy Court for the Northern District of Oklahoma.  This court granted

Carol's motion to dismiss the two claims for breach of fiduciary duty, the fraudulent transfer

claim and the claim for receipt of unlawful dividends (the "Derivative Claims") because, as a

result of Arrow's bankruptcy, the Derivative Claims had become part of the bankruptcy estate

and the trustee alone had the right to pursue them.  The court found TAB lacked standing to

assert, and the court lacked subject matter jurisdiction over, the Derivative Claims.

One week after Carol Pielsticker Bump filed her Motion to Dismiss, TAB filed its

Motion to Amend, asserting that based on the bankruptcy filings of Arrow and its affiliates, its

review documents and interviews with additional witnesses, the Complaint must be amended.

[Doc. No. 83 at 2].   The proposed First Amended Complaint drops Claim Fourteen (fraudulent

transfer), consistent with  TAB's concession that Arrow's filing of bankruptcy divested it of the

right to pursue the claim.  It contains additional allegations which attempt to bolster its

contention that the Derivative Claims are actually personal in nature and TAB has standing to

pursue them. Finally, it adds Carol Pielsticker to Claim Six (fraud), Claim Seven (unjust

enrichment), Claim Eight (civil conspiracy), Claim Nine (RICO), Claim Ten (RICO conspiracy)

and Claim Eleven (Utah Pattern of Unlawful Activity).

## II. Analysis

### A. Governing Standard

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings]

when justice so requires." "If the underlying facts or circumstances relied upon by a [party] may

be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of an opportunity to

amend is within the discretion of the district court. *Id.* However, in exercising its discretion, the

court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage

decisions on the merits rather than on mere technicalities. *DCD Programs, Ltd. v. Leighton,* 833

F.2d 183, 186 (9th Cir. 1987). Refusal of a request to amend is appropriate only "on a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to

cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v.*

*Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

### B. Amendments Related to Derivative Claims

Under Rule 15(a), a district court may deny leave to amend pleadings due to "futility of

the amendment." *United States v. Pinson,* 584 F.3d 972, 977 (10th Cir. 2009). A proposed

amendment is futile if the complaint, as amended would be subject to dismissal. *Jefferson*

*County Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999); *Bradley v.*

*Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004)**.**

The court has previously determined that the claims for breach of fiduciary duty, the fraudulent transfer claim and the claim for unlawful payment of dividends on the basis that those claims are now claims of the bankruptcy estate and may be pursued only by the trustee. [Doc. No.100]. Therefore, the proposed amendment, which attempts to portray the derivative claims as personal to TAB, would be futile.

### C. Amendments Adding Carol Pielsticker as Defendant to Other Claims

### 1. Unreasonable Delay

In considering whether a party delayed unreasonably in amending its pleadings, the court must focus primarily on the reasons for the delay. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay. *Id.* "[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* However, "[t]here is no undue delay in seeking leave to amend if [parties] acquire knowledge of he facts behind the new claim only through recent discovery and after conducting a reasonable investigation of that information." *Koch v. Koch Industries,* 127 F.R.D. 206 (D. Kans. 1989).

TAB contends that its review of additional documents and interviews with new witnesses have prompted its effort to amend. Its Motion to Amend was filed by the deadline set by the court. Therefore, the court finds TAB did not delay unreasonably in seeking to amend its complaint.

## 2. Prejudice to Plaintiff

The Tenth Circuit views potential prejudice to the nonmoving party as the "most important factor in deciding a motion to amend pleadings. *Minter,* 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotation and citation omitted). "Most often, this occurs when amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

The scheduling order entered in this case on September 21, 2010 set discovery cutoff for March 31, 2011 and trial for August 15, 2011. [Doc. No. 76]. However, the court has granted the parties' Joint Motion to Amend Scheduling Order, with new deadlines to be set following entry of this order. [Doc. No. 99]. Therefore, the court finds plaintiff would not be unduly prejudiced by TAB's proposed amendment.

## 3. Bad Faith/Dilatory Motive

Carol Pielsticker alleges the proposed amendments to the complaint are "nothing more than a transparent effort to keep Carol in this case when there is no factual basis to do so." [Doc. No. 86 at 9]. She points out that in the nearly 10 months between the commencement of the case and the filing of the motion to amend, TAB never discussed or even suggested that it intended to, or had any factual basis to, assert claims of actual fraud, conspiracy and racketeering against her.

In this respect, the court may deny a motion to amend when it appears the plaintiff is using Rule 15 to make the complaint "a moving target" or "to present theories seriatim in an effort to avoid dismissal." *Minter,* 451 F.3d at 1206 (quotations and citations omitted).

The court senses from the circumstances that TAB *is* in fact attempting to amend its

claim in order to keep Carol Pielsticker in the case and exert leverage. However, to the extent

the proposed amendments state viable claims against Carol Pielsticker, the court will permit

amendment. Thus, the focus of the court's inquiry is whether the new claims could withstand a

motion to dismiss.

### 4. Futility

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." The United States

Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand

a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to

relief that is plausible on its face." 550 U.S. 544, 570 (2007). "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitle[ment] to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as

true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that

*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins

v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v.

Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the

plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal

quotations omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id*.

Guided by the *Twombly* standard, the court has examined whether the proposed

amendments state a claim against Carol Pielsticker.

### a.  Fraud Claim

The proposed amended complaint makes extensive allegations concerning fraudulent acts

by the defendant companies and individual defendants Doug Pielsticker, Mowry and Moore.

However, the allegations concerning Carol Pielsticker are much more limited.  The proposed

amended complaint states:

> 64.  Knowledge of and acquiescence to the fraud being committed against TAB...
> was widespread within Arrow Trucking and its management team.  Irrespective
> of any direct knowledge and participation by Defendants Doug Pielsticker, Carol
> Pielsticker and Joseph Mowry that may have occurred prior to September 2009,
> Defendants Doug Pielsticker, Carol Pielsticker and Joseph Mowry were informed
> of the fraudulent scheme against TAB during meetings that occurred not later than
> September 2009.

> 102.  Upon information and belief, Defendant Carol Pielsticker had knowledge of and
> acquiesced to the fraudulent scheme against TAB, including misrepresentations
> made to TAB, failed to disclose the fraud, and continued to reap financial benefits
> which were obtained as a result of the fraud.

> 103.  Upon information and belief, Defendants Arrow Trucking, Piel Corporation, Doug
> Pielsticker, Carol Pielsticker Jonathan Moore, and Joseph Mowry aided and
> abetted the fraudulent scheme against TAB.

[Doc. No. 83-1, ¶¶, 64, 102-103].

Pursuant to Fed.R.Civ.P. 9(b), all claims alleging fraud must be pled with particularity.

Rule 9(b) requires a complaint to "set forth the time, place and contents of the false

representation, the identity of the party making the false statements and the consequences

thereof."  *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1094 (N.D. Okla. 2003).  Where fraud is

alleged against multiple defendants, "the specifics of the alleged fraudulent activity of each

defendant must be set forth." *Id.* citing *Bruns v. Ledbetter,* 583 F.Supp. 1050, 1052 (S.D. Cal.

1984).

Under Oklahoma law, the elements of fraud are (1) that the defendant made a material

misrepresentation that was false or that was made recklessly without any knowledge of its truth

and made as a positive assertion, (2) that he made it with the intention that it should be acted

upon by plaintiff, and (3) that plaintiff acted in reliance upon it and thereby suffered injury. *D &*

*H. Company, Inc. v. Shultz,* 579 P.2d 821, 824 (Okla. 1978). Further, "If on account of peculiar

circumstances there is a positive duty on the part of one of the parties to a contract to speak, and

he remains silent to his benefit and the detriment of the other party, the failure constitutes fraud."

*Hubbard v. Bryson,* 474 P.2d 407, 410 (Okla. 1970).

The proposed amended complaint does not allege Carol Pielsticker made any specific

misrepresentations or omissions.[1] Additionally, she was not a party to the Agreement. Thus,

the allegations are wholly inadequate to state a claim for fraud against her. *See Eastwood v.*

*National Bank of Commerce,* 673 F.Supp. 1068, 1081 (W.D. Okla. 1987). It does not appear

that Oklahoma recognizes a cause of action for acquiescing in, or aiding and abetting, common

---

[1]TAB cites *Gay v. Akin,* 766 P.2d 985 (Okla. 1988), in which the court held that, in a depositor's action against directors of an insolvent financial institution that had held itself out as being a "Bank insured by the FDIC," the depositor's general allegation that directors had made the false representations to mislead the public satisfied the Oklahoma Pleading Code. This case is distinguishable. Here, plaintiff has made specific, detailed allegations of false statements by individual defendants Moore, Mowry and Doug Pielsticker. With respect to Carol Pielsticker, however, plaintiff alleges only that at some point she had knowledge of the fraudulent statements and "acquiesced to" or "aided and abetted" the fraud.

law fraud.  *Id.* [2]

Because the proposed amended claim would not survive a motion to dismiss for failure to

state a claim for fraud,  it would be futile for the court to grant the motion to add the proposed

fraud claim against Carol Pielsticker.[3]

### b.  Unjust Enrichment

TAB seeks leave to add Carol Pielsticker and other individual defendants to its claim for

unjust enrichment (Claim Seven).  The proposed amended complaint alleges:

> 69. Upon information and belief, during 2009, and after Defendant Carol Pielsticker
> had knowledge of and acquiesced to the fraudulent scheme against TAB, Defendant
> Carol Pielsticker received money, property and things of value from Arrow Trucking,
> including but not limited to payments that at times, averaged approximately $10,000
> per week and other benefits to which Carol Pielsticker was not justly entitled (the
> "Carol Pielsticker Transfers").
>
> 108.  Defendants Arrow trucking, Doug Pielsticker, Carol Pielsticker, Joseph
> Mowry and Jonathan Moore had knowledge of the benefits they received.
>
> 109.  Defendants Arrow Trucking, Doug Pielsticker, Carol Pielsticker, Joseph
> Mowry and Jonathan Moore received these benefits at the expense of TAB.

---

[2]The court in *Eastwood* acknowledged that Oklahoma "may recognize a civil cause of
action for conspiracy to defraud," but concluded plaintiffs' claim still failed because it did not
allege "any specific act by this Defendant in furtherance of the alleged conspiracy or an
agreement with other Defendants to defraud Plaintiffs, the time and place of the agreement and
the substance thereof." *Id.* at 1081.

[3]Carol Pielsticker also asserts the pleading of factual allegations of fraud based on
"information and belief" is fatal to the claim.  However, "[a]llegations of fraud may be based on
information and belief when the facts in question are peculiarly within the opposing party's
knowledge and the complaint sets forth the factual basis for the plaintiff's belief." *Scheidt v.
Klein,* 956 F.2d 963, 967 (10th Cir.1992).  The proposed amended complaint alleges,
"Defendants Doug Pielsticker, Carol Pielsticker and Joseph Mowry were informed of the
fraudulent scheme against TAB during meetings that occurred not later than September 2009."
This statement adequately sets forth the basis for TAB's belief that Carol had knowledge of the
fraud.

110.  Under these circumstances, it is inequitable for Defendants Arrow Trucking, Doug Pielsticker, Carol Pielsticker, Joseph Mowry and Jonathan Moore to retain these benefits without repayment.

[Doc. No. 83-1, ¶¶69, 108-110].

Carol Pielsticker has not asserted the unjust enrichment claim is futile and no other individual defendant has opposed the Motion to Amend.  Therefore, TAB's motion will be granted with respect to the unjust enrichment claim.

### c.  Civil Conspiracy

The proposed amended complaint adds Carol Pielsticker as a defendant to the civil conspiracy claim (Claim Eight), stating:

111.  Upon information and belief, Defendants Arrow Trucking, Piel Corporation, Doug Pielsticker, Carol Pielsticker, Jonathan Moore, and Joseph Mowry (collectively the "Conspirators") formed a combination of persons with the purpose of committing bank fraud upon TAB.

112.  The Conspirators agreed to, among other things, intentionally defraud TAB.

113.  From November 2008 through December 2009, the Conspirators made numerous overt acts in furtherance of their conspiracy including, but not limited to, making false and misleading representations in the Agreements, misrepresenting Arrow's financial condition, and submitting fraudulent invoices to collect over Fifteen Million One Hundred Thousand Dollars ($15,100,000) of payments for non-existent accounts receivable, and locking out TAB's access to Arrow Trucking's computer systems.

[Doc. No. 83-1, ¶¶111-113].

To plead civil conspiracy under Oklahoma law, TAB must allege facts establishing "a combination of two or more persons to do an unlawful act." *Tullius v. Metropolitan Property & Casualty Insurance Company,* 2010 WL 3259837, at *3 (W.D. Okla. August 17, 2010) citing *Gaylord Entm't Co. v. Thompson,* 958 P.2d 128, 148 (Okla. 1998); *Brock v. Thompson,* 948 P.2d 279, 294 (Okla. 1997).  "A claim of civil conspiracy is not an independent, actionable claim;

there must be an underlying tortious act." *Tullius,* 2010 WL 3259837, at *3, citing *Beck v. Prupis,* 529 U.S. 494, 401 (2000).

Here, the only underlying tort TAB alleges is fraud. However, the court has already found that the proposed amended complaint fails to state a claim for fraud against Carol Pielsticker. Therefore, TAB's motion to amend to add Carol Pielsticker as a defendant to the civil conspiracy claim must be denied.

### d. RICO

TAB's proposed amended claim for RICO violations states:

115. Upon information and belief, Defendants Arrow Trucking, Piel Corporation, Doug Pielsticker, Carol Pielsticker, Jonathan Moore, and Joseph Mowry (the "RICO Defendants") conducted and participated in an enterprise (the "Enterprise") whose activities affected interstate commercial lending activities with TAB and other aspects of interstate commerce.

116. The RICO Defendants agreed to, conducted, and participated in the conduct of the Enterprise's affairs through a pattern of racketeering activity for the unlawful purpose of intentionally defrauding TAB.

117. In furtherance of their fraudulent scheme, the RICO Defendants committed multiple related acts including, without limitation, bank fraud and wire fraud.

118. Specifically, the RICO Defendants knowingly attempted to and executed a scheme to defraud TAB by means of making false representations in the Agreements with TAB and by submitting fraudulent invoices to TAB with the intent to defraud a federally-insured financial institution.

119. Further, the RICO Defendants used interstate wire communications in furtherance of their scheme to defraud TAB by, among other things, electronically sending fraudulent invoices and similar documents to TAB to induce it to issue purchase payments to Arrow Trucking.

120. The RICO Defendants' repeated acts of bank fraud and wire fraud constitute a pattern of unlawful activity pursuant to 18 U.S.C. §1961(5).

121. The RICO Defendants have directly and indirectly conducted and participated in the conduct of the Enterprise's affairs through a pattern of racketeering activities

in violation of 18 U.S.C. §1962(c).

[Doc. No. 83-1, ¶¶115-121].

In order to plead a RICO claim, plaintiff must allege eight elements: (1) That the

defendant (2) through the commission of two or more of the enumerated predicate acts (3) which

constitute a "pattern" (4) of "racketeering activity" (5) directly or indirectly participates in the

conduct of (6) an enterprise (7) the activities of which affect interstate commerce, and, that (8)

the plaintiff was injured in his or her business or property by reasons of such conduct. *Brooks v.*

*Bank of Boulder,* 891 F.Supp. 1469, 1476 (D. Colo. 1995). Each of these elements must be pled

with particularity under Rule 9(b). *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 989

(10th Cir. 1992). Here, plaintiff has failed to plead any acts of fraud by Carol; thus, it has failed

to allege the required "predicate acts" of racketeering by her. The proposed amended complaint

fails to state a claim against Carol Pielsticker for RICO violation and will not be permitted.

### e. RICO Conspiracy

The proposed amended complaint adds Carol Pielsticker as a defendant to the claim for

RICO conspiracy in 18 U.S.C. §1962(d), alleging:

> 124. Upon information and belief, as set forth above, the RICO Defendants
> agreed and conspired to violate 18 U.S.C. §1962(c).

[Doc. No. 83-1, ¶124]. However, if a plaintiff has no viable claim under 18 U.S.C.§1962(a), (b)

or (c), "then its subsection (d) conspiracy claim fails as a matter of law." *Tal v. Hogan,* 453 F.3d

1244, 1270 (10th Cir. 2006), citing *Condict v. Condict,* 826 F.2d 923, 927 (10th Cir. 1987).

Since the proposed amended complaint fails to state a viable claim under §1962(c), the §1962(d)

claim for RICO conspiracy also fails.

**f. Utah Pattern of Unlawful Activity Act, Utah Code §§76-10-1061,** *et seq.*

The proposed amended complaint adds Carol Pielsticker as a defendant to its claim for violation of the Utah Pattern of Unlawful Activity Act, which is modeled after and nearly identical to RICO. As a result, courts apply the same pleading standards to the Utah law as is applied to federal RICO claims. *See Bradford v. Moench,* 670 F. Supp. 920, 928 (D. Utah 1987). A Utah Pattern of Unlawful Activity Act claim, like a RICO pleading, must meet the standards of Rule 9(b).

Because the court has found the proposed RICO claim fails as a matter of law, so too it must conclude the proposed Utah Pattern of Unlawful Activity claim is deficient.

### III. Conclusion

Plaintiff's Motion to Amend [Doc. No. 83] is granted with respect to the request to amend to add Carol Pielsticker to the claim for unjust enrichment (Claim Seven). The motion is denied with respect to all other requested amendments pertaining to Carol Pielsticker.[4]

ENTERED this 21st day of January, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[4]In her Response in Opposition to Plaintiff's Motion to Amend Complaint, Carol Pielsticker requested that, in the event plaintiff's motion was granted, Carol be awarded her attorneys' fees to date. [Doc. No. 86 at 30-33]. That request is denied.