**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TRANSPORTATION ALLIANCE BANK, INC.,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. **10-CV-016-GKF-FHM** |
| ) | |
| **ARROW TRUCKING CO., et al.,** ) | |
| ) | |
| DEFENDANTS. ) | |

## OPINION AND ORDER

Defendant Carol Pielsticker Bump's Motions to Compel [Dkt. 153] and for Sanctions [Dkt. 154] have been fully briefed and are ripe for decision.  The motions seek production of the following: a settlement agreement between Plaintiff and Defendant Mowry; a declaration by Defendant Mowry which was required by the terms of the settlement agreement; all settlement-related drafts and communications; Plaintiff's attorney's internal notes related to the settlement; similar documents pertaining to Mr. Moore and Mr. Pielsticker; and sanctions.

At the time of the deposition of Defendant Mowry Defendant Bump had an outstanding discovery request to Plaintiff requesting that Plaintiff produce all communications with Defendant Mowry.  However, Plaintiff did not disclose the existence of the settlement agreement and declaration to Defendant Bump.  Instead, the existence of the settlement agreement and declaration was disclosed during Defendant Bump's questioning of Defendant Mowry at his deposition.  Defendant Mowry refused to disclose the terms of the settlement agreement or to produce the agreement or declaration because the settlement agreement contained a confidentiality

clause.   Relying on the confidentiality clause, Plaintiff also refused to produce the agreement or declaration without Defendant Mowry's consent.

In response to the instant motion to compel, Defendant Mowry continues to rely on the confidentiality clause of the settlement agreement and also argues that Fed.R.Evid. 408 protects the settlement agreement from disclosure.   Despite the confidentiality clause, Plaintiff does not object to the production of the settlement agreement and declaration if the Court finds them to be relevant under Fed.R.Civ.P. 26 and orders production.   Plaintiff does object to the other requests in the motion to compel.

Rule 26(b)(1) permits discovery of any nonprivileged matter that is relevant to any party's claim or defense.   The Court must, therefore, decide whether the discovery requested is privileged and if not privileged, whether the information is relevant.

Privilege

The Court rejects the argument that the confidentiality clause prevents Defendant Bump's discovery of the settlement agreement and declaration. Confidentiality is not a bar to discovery, although a confidentiality clause may justify seeking Court direction before disclosing the settlement agreement. *High Point SAIL v. Sprint Nextel Corp.*, 2011 WL 3241432 (D.Kan., July 29, 2011); *Cook v. Medical Sav. Ins. Co.*, 2006 WL 687126 (W.D. Okla., March 17, 2006).

The Court finds that Fed.R.Evid. 408 is not a basis to deny Defendant Bump's discovery of the settlement agreement and declaration.   The terms of Rule 408 do not create a privilege from discovery.   Rule 408 limits the admissibility of compromise offers

2

and negotiations when offered for particular purposes but allows their admission for other purposes.

In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) the Sixth Circuit Court of Appeals recognized what it called a "settlement privilege" which was based in part on Fed.R.Evid. 408.  However, the *Goodyear* Court applied that privilege to *communications* made in furtherance of settlement.  322 F.3d at 983.  The Court acknowledged cases holding that the fact of settlement or the settlement agreement itself may be admissible for some purposes under Rule 408.  *Id.* at 982.  The present case is distinguishable from the *Goodyear* case insofar as the *Goodyear* case involved settlement discussions presided over by the Court under an admonishment that all talks were to remain confidential.  The settlement between Plaintiff and Defendant Mowry was not reached in a court-ordered proceeding.  Further, the Tenth Circuit has not issued an opinion following the Sixth Circuit in finding a "settlement privilege."  *See High Point,* 2011 WL 3241432, *7 (refusing to acknowledge a "settlement privilege" in the absence of Tenth Circuit authority)*; Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1246216 (D.Kan. 2007) (same). The Court finds that the Federal Rules of Evidence do not preclude Defendant Bump's discovery under the facts of this case.

Relevance

In considering the relevancy issue, the Court will separately consider the relevance of the declaration, settlement agreement, and the drafts and communications.

The declaration of Defendant Mowry which was required by the settlement agreement apparently sets forth Defendant Mowry's statement of the facts of the case. The declaration is, therefore, relevant to the claims and defenses in the case and consequently discoverable.

The settlement agreement apparently sets forth the terms and conditions on which Plaintiff and Defendant Mowry resolved the litigation between themselves and may not relate directly to the claims and defenses in the case.  Defendant Bump contends, however, that the settlement agreement is relevant to Defendant Mowry's bias and credibility as a witness.  Defendant Mowry is an important witness concerning the facts of the case.  The Court finds that the settlement agreement is relevant for discovery purposes to Defendant Mowry's bias and credibility and is therefore discoverable.

Defendant Bump contends the drafts and communications which led to the settlement agreement and declaration are relevant to show the "process" by which the settlement agreement and declaration came to exist and to establish Plaintiff's role in drafting each document.  The Court finds that the "process" is not relevant to the claims or defenses in the case.  This is not a case where the settlement process itself is an issue in the case as it was in *Trinity Mortg. Co., Inc. v. Dryer*, 2010 WL 2365525 (N.D. Okla. 2010) where the Court ordered production of the documents related to a settlement agreement and the negotiations leading to settlement.  The "process" is not relevant to Defendant Mowry's bias or credibility as a witness.  To the extent that Mowry's settlement is relevant to those issues, the final settlement agreement will show how Defendant Mowry benefitted from his settlement with Plaintiff.  Further, discovery

4

of the "process" would be costly and contentious as it would necessarily involve discovery directed to the attorneys handling the litigation.  Denial of this discovery is therefore justified under Fed. R. Civ. P. 26(b)(2)(c)(iii).  In addition, the Court finds that discovery into the negotiation process would have a chilling effect on settlement negotiations in general which would be contrary to the public policy of encouraging settlement.

Sanctions

Defendant Bump's motion seeks sanctions based on allegations of serious misconduct by Plaintiff, Plaintiff's attorneys, and Defendant Mowry.  Defendant Bump and her attorneys have not established, or even made a serious effort to establish, a factual basis for these allegations.  Defendant Bump has completely failed to prove that there was anything improper in Plaintiff's settlement with Defendant Mowry.  Defendant Bump's inflammatory accusations provide no basis for sanctions and distract the court from the discovery issue presented by the facts.

However, the settlement agreement and declaration are documents responsive to Defendant Bump's Request for Production No. 28 to Plaintiff.  Since Plaintiff contends that the documents are protected from discovery, it was incumbent on Plaintiff to seek a protective order.  Defendant Bump should not have been placed in the position of attending Defendant Mowry's deposition without the knowledge of the existence of those documents.

Despite Plaintiff's failure to seek a protective order, there is authority that a party is substantially justified for purposes of Fed. R. Civ. P. 37(a)(4)(A) in withholding documents covered by a confidentiality agreement until the court rules on the matter.

*See Cook v. Medical Sav. Ins. Co.*, 2006 WL 687126, *2 (W.D. Okla., March 17, 2006)(expenses were not awarded because the existence of a confidential settlement substantially justified nondisclosure of some information).   Additionally in this case Defendant Bump took the position that a confidentiality clause prevented discovery of a settlement agreement in a similar situation.   These factors lead the court to exercise its discretion to deny the motion for sanctions against Plaintiff.   However, in the future the party withholding documents should either list the documents on a privilege log or obtain a protective order from the court.

Conclusion

Defendant Bump's Motion to Compel (Dkt. 153) is GRANTED IN PART and DENIED IN PART.   Plaintiff shall produce the settlement agreement between Plaintiff and Defendant Mowry and Defendant Mowry's declaration.   Defendant Bump is also GRANTED permission to re-depose Defendant Mowry concerning the settlement agreement and declaration.   In all other respects, Defendant Bump's Motion to Compel [Dkt. 153] is DENIED.   Defendant Bump's Motion for Sanctions [Dkt. 154] is DENIED.

SO ORDERED this 19th day of October, 2011.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE